# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ALEJANDRO GARCIA, | : | MOTION TO VACATE |
|   Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL NO. |
| | : | 1:08-CR-0437-WSD-JFK-4 |
| UNITED STATES OF AMERICA, | : | |
|   Respondent. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-0544-WSD-JFK |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Movant's 28 U.S.C. § 2255 motion challenging his conviction and sentence under the above criminal docket number, (Doc. No. 227), the government's response, (Doc. No. 231), and Movant's reply, (Doc. No. 233). On December 7, 2011, the Court gave Notice that it is considering a reduction of Movant's sentence pursuant to the Fair Sentencing Act of 2011. (Doc. No. 255). For the reasons discussed below, it is **RECOMMENDED** that the Court grant Movant's § 2255 motion on his claim that his trial counsel failed to file an appeal; dismiss, without prejudice, his other claims; and reimpose sentence as the Court's deems proper under its December 7, 2011, Notice.

AO 72A
(Rev.8/82)

## I. Background

The grand jury for the Northern District of Georgia indicted Movant in Count One, for conspiring to possess with the intent to distribute at least one of the following: at least 500 grams of cocaine and at least 5 grams of cocaine base, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(ii), (iii); in Count Two, for possessing with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii); and in Count Three, for possessing with intent to distribute at least 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). (Doc. No. 42). On August 27, 2009, Movant pleaded guilty to Count One. (Doc. No. 146, Attach.). Movant voluntarily and expressly waived the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in a § 2255 motion, with exceptions that are not relevant here. (Id. at 12). In exchange, the government, among other things, agreed (1) that it would dismiss the remaining counts against Movant, (2) that it would not bring against Movant further criminal charges related to the charge in Count One, (3) that it would recommend an acceptance-of-

2

responsibility adjustment, and (4) that it would recommend a sentence at the low end of the adjusted guideline range.[1] (Id. at 3-4, 6-7).

In a judgment and commitment order entered on December 10, 2009, the Court sentenced Movant to seventy-four months of imprisonment. (Doc. No. 161). The Court dismissed Counts Two and Three on motion by the government. (Doc. No. 179). Movant, *pro se*, filed an untimely appeal on April 16, 2010. (Doc. No. 196). On January 7, 2011, the Eleventh Circuit Court of Appeals granted the government's motion to dismiss that appeal as untimely. (See Doc. No. 224, Attach.). On January

---

[1] The Court notes that

> Defendants can obtain concessions in exchange for their promises in plea agreements only if those promises are credible. A defendant . . . who promises not to appeal, and then appeals anyway (requiring the United States to invest in the appeal the prosecutorial resources it sought to conserve), injures other defendants who plan to keep their promises, but can't distinguish themselves from those who sign with their fingers crossed behind their backs.
>
> . . . If the defendant does not keep his promises, the prosecutor is not bound either. This is established for broken agreements to cooperate. A defendant who . . . does not carry through, forfeits the benefits of the agreement, and the United States is free to reinstate dismissed charges and continue the prosecution.

United States v. Hare, 269 F.3d 859, 862 (7th Cir. 2001).

23, 2011,[2] Movant filed the instant 28 U.S.C. § 2255 motion in which he asserts (1) ineffective assistance of counsel based on his receiving a two-level sentencing guideline enhancement for possessing a dangerous weapon, (2) ineffective assistance of counsel for not requesting a two-point reduction based on "Amendment 704[,]" and (3) ineffective assistance of counsel for failing to file a timely notice of appeal as requested by Movant – Movant asserts, "[i]t was not until months later that [he] was informed that no 'notice of appeal' was filed by defense counsel." (Doc. No. 227 ¶¶ 16, 22-24, 26). Movant also requests that his sentence be modified based on the 2010 cocaine-base sentencing guidelines. (Id. ¶ 25). The government states, among other things, that the Court should hold an evidentiary hearing to determine the content of the communications between Movant and his counsel regarding an appeal and that Movant's remaining claims should be dismissed as moot.[3] (Doc. No. 231 at 13-14).

---

[2]Generally, a prisoner filing is deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

[3]Movant's conviction became final on December 24, 2009, when his time expired for filing a direct appeal. See Fed. R. App. P. 4(b)(1)(A) (Dec. 1, 2009). Based on the date his conviction became final, the one-year limitations period for filing his § 2255 motion expired on December 24, 2010. The government does not contest the timeliness of Movant's January 23, 2011, motion, and it appears – based on

4

**II. Discussion**

When a defendant has not waived all of his appellate rights and the evidence shows that he asked his attorney to appeal and his attorney did not, the defendant is entitled to an out-of-time appeal. Gomez-Diaz v. United States, 433 F.3d 788, 793-94 (11th Cir. 2005). The movant need not specify the grounds for his appeal or show that his appeal has merit. Id. (citing Roe v. Flores-Ortega, 528 U.S. 470, 486 (2000)). All the movant must show is that, "but for counsel's deficient conduct, he would have appealed." Flores-Ortega, 528 U.S. at 486.

Movant asserts that he instructed his attorney to pursue a timely appeal and claims that his attorney's failure to do so constitutes ineffective assistance of counsel entitling him to relief. The right to an appeal in a criminal case is fundamental.

> A direct appeal from a United States District court to a court of appeals is in effect a matter of right. . . . It is a right which is fundamental to the concept of due process of law. . . . A decision to waive the direct appeal must, therefore, be an informed one. This consideration has found further

---

Movant's contention that it took him months to learn that counsel had failed to file an appeal and based on Movant's *pro se* filing of an untimely appeal in April 2010 – that his current motion may be timely under § 2255(f)(4). See Long v. United States, 626 F.3d 1167, 1169 (11th Cir. 2010) ("A § 2255 motion based on counsel's failure to file a requested direct appeal is considered timely under § 2255(f)(4) if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal."). In any event, the matter is not further addressed as the government does not contest timeliness.

5

expression in the 1966 amendment to F. R. Crim. P. Rule 32, which now requires that after trial the sentencing court apprise a defendant of his right to an appeal, and to an appeal *in forma pauperis*. . . .

. . . "[T]he right of appeal should not be considered as having been waived or abandoned except where it is clearly established that such is the case."

Arrastia v. United States, 455 F.2d 736, 739 (5th Cir. 1972) (citations omitted) (quoting McKinney v. United States, 403 F.2d 57 (5th Cir. 1968)). A criminal defense attorney has an affirmative duty to meaningfully consult with his client regarding an appeal and to file an appeal if the client so requests, regardless of the merits of the appeal or whether the attorney believes the appeal has any chance of success. Thompson v. United States, 504 F.3d 1203, 1206-07 (11th Cir. 2007).

Given the importance of the appeal right as discussed in Roe, Gomez-Diaz, and Thompson and in the interest of judicial efficiency,[4] it is recommended that the Court exercise its discretion to grant Movant an opportunity to appeal his conviction and sentence.[5] See Order, Scott v. United States, No. 1:06-CR-390-RWS-1 (N.D. Ga. Sept.

---

[4]The Court notes that, according to the Federal Bureau of Prisons' web site, Movant, Federal Register No. 60365-019, is incarcerated in FCI El Reno, in Oklahoma. See www.bop.gov (follow "Inmate Locator" hyperlink, Register Number 60365-019) (lasted visited Dec. 15, 2011). Thus, travel to this Court for a hearing would be costly and burdensome.

[5]Counsel for Movant and the government concur with this procedure.

6

22, 2008) (granting such relief in similar case).

## III. Conclusion

**IT IS RECOMMENDED** that the § 2255 motion be **GRANTED**, but only to the degree that Movant seeks an out-of-time appeal.

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen[6]] days, which is dictated by Rule 4(b)(1)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

Pursuant to Phillips, **IT IS RECOMMENDED** that:

(1) The criminal judgment in this action be **VACATED**.

(2) The sentence be **REIMPOSED** with appropriate credit for time already served and for sums of the special assessment that may have already been paid and in accord with the Court's December 7, 2011, Notice.

---

[6]The time for filing an appeal has been amended, and it is now fourteen days. See United States v. Wilson, No. 11-10342, 2011 WL 4840953, at *2 (11th Cir. Oct. 13, 2011) (citing Phillips and Fed. R. App. P. 4(b)(1)(A)(i)).

AO 72A
(Rev.8/82)

To the extent that Movant is raising any other claims in his § 2255 motion, **IT IS RECOMMENDED** that those claims be **DISMISSED** without prejudice. See McIver v. United States, 307 F.3d 1327, 1330 (11th Cir. 2002) (holding that a successful § 2255 motion to obtain an out-of-time appeal does not render a subsequent § 2255 motion second or successive).

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED** this 27th day of December, 2011.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)